IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 1 7 2009
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| DANIEL CASTILLO-MARTINEZ, § | |
| Defendant, § | |
| § | |
| v. § | CIVIL NO. B-08-CV-302 |
| § | (CRIM. NO. B-05-CR-178-04) |
| UNITED STATES OF AMERICA, § | |
| Plaintiff. § | |

**MEMORANDUM OPINION AND ORDER**

On June 23, 2008, Defendant Daniel Castillo-Martinez filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The United States responded to this motion on February 27, 2009, moving for dismissal or, in the alternative, summary judgment. (Doc. No. 11). Defendant filed a Response to the Government's motion on April 3, 2009. (Doc. No. 16).

Having reviewed Defendant's Motion to Vacate, the Government's Motion to Dismiss/for Summary Judgment, and Defendant's Response, as well as all applicable facts and law, the Government's Motion for Summary Judgment (Doc. No. 11) is hereby **GRANTED** and the Defendant's Motion to Vacate (Doc. No. 1) hereby **DISMISSED WITH PREJUDICE**.

**Background**

Mr. Castillo-Martinez was indicted by a grand jury in the Brownsville Division of the Southern District of Texas in cause number B-05-CR-178-04 for: (1) conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, and more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); (2) possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A); and (3) possession with intent to distribute in excess of fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. (CR Doc. No. 74).[1] Defendant pleaded not guilty, and on or about August 24, 2005, a jury returned a verdict of guilty as to all three counts. (CR Doc. No. 114).

Prior to his sentencing, Defendant submitted various objections to the Presentence Investigation Report ("PSR"). Defendant objected to, among other things, elements of his criminal history contained in paragraphs 50 and 51 of the PSR; the denial of Acceptance of Responsibility, contending that he had expressed remorse and had suffered greatly after the death of his son; and to the absence of a role adjustment, suggesting he played a "minor role" in the incident leading to his arrest. (CR Doc. No. 144 at 1A–4A).

At sentencing, held February 7, 2006, this Court granted the criminal history objections as to one of his prior convictions (CR Doc. No. 205 at 681) and granted his objection as to the importation of methamphetamine (*id.* at 686). The Court denied Defendant's request for a role adjustment and for Acceptance of Responsibility. (*Id.* at 684). Defendant's revised guideline sentencing range was 210–262 months imprisonment. (*Id.* at 687). The Court imposed concurrent 210 month sentences. (*Id.* at 688). Defendant's judgment was entered on February 17, 2006. (CR Doc. No. 174).

Defendant directly appealed his conviction and sentence, contending that: (1) the district court clearly erred in denying a minor-role adjustment; (2) in view of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), 21 U.S.C. § 841 is unconstitutional on its face and as applied to his case; and (3) his conviction under 18 U.S.C. § 2 is invalid because that statute was not submitted to the jury.

---

[1] For the purposes of this Order, "CR" refers to Defendant's criminal docket number, B-05-CR-178-04.

*United States v. Castillo*, No. 06-40297, 2007 WL 595123, at *1 (5th Cir. Feb. 16, 2007). The Fifth Circuit rejected Defendant's claims regarding minor-role adjustment and *Apprendi* but, upon the Government's concession, remanded the judgment for the limited purpose of allowing the district court to correct a typographical error in the judgment by omitting the reference to 18 U.S.C. § 2. *Id.* The district court signed the amended judgment on March 12, 2007. (CR Doc. No. 217). Defendant then petitioned the Supreme Court for review. On June 11, 2007, Defendant's Petition for Writ of Certiorari was denied. *Adair v. United States*, 127 S.Ct. 2960, 75 USLW 3662 (2007).

## Discussion

Defendant filed the instant Motion to Vacate, Set Aside or Correct Sentence on June 23, 2008. (Doc. No. 1). Defendant asserts a variety of claims, which can be summarized as follows:

1. Contrary to the testimony at trial, neither Defendant, nor anyone else, gave consent for police officers to search the car in which the cocaine and methamphetamine were found. Accordingly, the search violated Defendant's rights under the Fourth Amendment. (Doc. No. 1 at 4–5).
2. Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it was unconstitutional for Defendant's sentence to have been enhanced by various drug-related activities about which Defendant "had no knowledge." *Apprendi* also makes 21 U.S.C. §§ 841 (a) and (b) and 846, under which Defendant was convicted, facially unconstitutional. (*Id.* at 5, 6).
3. Defendant was a minor participant under United States Sentencing Guidelines § 3B1.2(b) and so should have received an appropriate reduction in his sentence. (*Id.* at 5–6).
4. Defendant questions the existence of the 17.4 kilos of cocaine that formed the basis of his possession conviction. (*Id.* at 6).
5. Defendant was never found guilty by the jury of an offense under 18 U.S.C. § 2 and so should not have to serve time for such an offense. (*Id.* at 7).

> 6. "There may be a violation of [sic] Ineffective Assistance of Counsel under the Sixth Amendment." (*Id.*).

The Court will address each of these claims in turn.

### Claim 1: Fourth Amendment

Defendant alleges that he was convicted on the basis of illegally obtained evidence in violation of the Fourth Amendment. (Doc. No. 1 at 4–5). The basis of this argument is that, contrary to trial testimony, neither Defendant nor his co-defendant consented to the search of the vehicle containing the drugs.

Defendant raises his Fourth Amendment claim for the first time in the instant motion. Where a § 2255 petitioner has had a full and fair opportunity to litigate a Fourth Amendment claim at trial and on direct appeal, such a claim is not cognizable on collateral review. *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003). The Court finds that Defendant had a "full and fair opportunity" to litigate his Fourth Amendment claim at both his trial and on appeal. Further, Defendant alleges neither cause nor prejudice to explain his failure to raise this issue on direct appeal, and the Court finds none. *See United States v. Frady*, 456 U.S. 152, 167 (1982). For these reasons, relief on Defendant's Fourth Amendment claim is denied.

### Claim 2: *Apprendi*

Defendant makes two distinct arguments invoking *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The first is that *Apprendi* precludes the use of drug-related activities of which Defendant had no knowledge to enhance Defendant's sentence, in particular drug loads carried by the co-defendant on prior occasions without any involvement by Defendant. (Doc. No. 1 at 5). While this may be true, it is irrelevant because Defendant was sentenced solely on the basis of the cocaine

discovered in the vehicle Defendant was driving when he was arrested. (CR Doc. No. 175). Accordingly, this claim has no merit.

The second argument is that *Apprendi* makes 21 U.S.C. §§ 841 (a) and (b) and 846, under which Defendant was convicted, facially unconstitutional. (Doc. No. 1 at 6). Defendant raised this argument in his direct appeal, and the Fifth Circuit rejected it. *See United States v. Castillo*, No. 06-40297, 2007 WL 595123, at *1 (5th Cir. Feb. 16, 2007). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Webster*, 392 F.3d 787, 791 n.5 (5th Cir. 2004) (quoting *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)). Accordingly, the Court will not consider this issue.

### Claim 3: Minor Role

Defendant next contends that he was a minor participant in the incident giving rise to his arrest under United States Sentencing Guidelines § 3B1.2(b) and so should have received an appropriate reduction in his sentence. (Doc. No. 1 at 5–6). Again, the Fifth Circuit disposed of this issue in Defendant's direct appeal, and so this Court will not consider it. *See United States v. Castillo*, No. 06-40297, 2007 WL 595123, at *1 (5th Cir. Feb. 16, 2007).

### Claim 4: Existence of the Drugs

At one point in his Motion, Defendant "questions if in fact there [were] 17.4 kilos of cocaine at all that he is serving federal time for." (Doc. No. 1 at 6). Defendant failed to raise this issue on direct appeal and asserts no cause or prejudice to explain this failure. *See United States v. Frady*, 456 U.S. 152, 167 (1982). Further, his suggestion that the drugs in question may not have existed is merely conclusory, and so insufficient to raise an issue on collateral review. *See Ross v. Estelle*,

5

694 F.2d 1008, 1011 (5th Cir. 1983).

### Claim 5: 18 U.S.C. § 2

Defendant contends that because he was never found guilty by the jury of an offense under 18 U.S.C. § 2, he should not have to serve time for such an offense. (Doc. No. 1 at 7). The Fifth Circuit has already considered this argument and remanded the judgment for the limited purpose of allowing the district court to correct a typographical error in the judgment by omitting the reference to 18 U.S.C. § 2. *See United States v. Castillo*, No. 06-40297, 2007 WL 595123, at *1 (5th Cir. Feb. 16, 2007). The amended judgment was signed on March 12, 2007. (CR Doc. No. 217). Further, a review of the PSR and the sentencing transcript indicates that Defendant's sentence was in no way based on a conviction under 18 U.S.C. § 2. (*See* Doc. No. 144 at ¶¶ 32–48; Doc. No. 205 at 688). Thus, Defendant's argument on this ground is unavailing.

### Count 6: Ineffective Assistance

Defendant mentions in passing that "there may be a violation of [sic] Ineffective Assistance of Counsel under the Sixth Amendment." (Doc. No. 1 at 7). Defendant fails to elaborate beyond this conclusory allegation, which in itself is insufficient to raise an issue on collateral review. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, Defendant fails to show, or even suggest, how the facts of his case meet the requirements of the *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). Thus, Defendant has failed to adequately allege an ineffective-assistance claim, and relief on this ground must be denied.

### Timeliness

Finally, the Government contends that Defendant's Motion is time-barred because he failed

to file the § 2255 pleading within one year of the date his judgment became final, as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 11 at 4–5). As amended by AEDPA, § 2255 provides, in relevant part, that: "A 1-year statute of limitations shall apply to a motion under this section. The limitations period shall begin to run from the latest of–(1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. In the Fifth Circuit, when a federal criminal defendant files a timely petition for writ of certiorari review on direct appeal and that petition is subsequently denied by the Supreme Court, as here, "the federal judgment of conviction becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date the Supreme Court denies the defendant's petition for writ of certiorari review." *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). The Supreme Court denied Defendant's petition for writ of certiorari on June 11, 2007. *See Adair v. United States*, 127 S.Ct. 2960, 75 USLW 3662 (2007). Defendant filed the instant § 2255 Motion on June 23, 2008, more than one year after the date his conviction became final. (Doc. No. 1).

Defendant contends that the limitations period on his § 2255 Motion did not begin running until either June 27, 2007, when he received a letter from his attorney notifying him of the Supreme Court's decision, or June 20, 2007, when the Office of the Clerk for the Southern District of Texas filed the Notice of Denial. (Doc. No. 16 at 1). According to Defendant, since he mailed his § 2255 Motion on June 19, 2007, under either scenario, his Motion is timely. (*Id.*).

Since the Court has already denied Defendant's Motion on the merits, it need not reach the question of timeliness. Nonetheless, the Court notes that even assuming that Defendant filed his § 2255 Motion on June 19, 2008 (i.e., the day he signed it), the Motion is still untimely since the Fifth Circuit has specifically held that the limitation period begins to run "on the date the Supreme Court

7

denies the defendant's petition for writ of certiorari review," which in this case, was June 11, 2007. *Thomas*, 203 F.3d at 356. Further, Defendant has suggested no reason for equitable tolling, beyond his bare assertion that he did not receive the letter from his attorney notifying him of the denial until June 27, 2007. This is insufficient, if only because this delay only cost Defendant roughly two weeks of a 52-week time period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that equitable tolling is permitted only in "rare and exceptional circumstances"); *Minter v. Beck*, 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (internal quotations omitted). Thus, Defendant's Motion is time-barred.

## Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a defendant may not appeal to the Fifth Circuit from the denial of a habeas petition. 28 U.S.C. § 2253(c)(1). A defendant may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To satisfy this standard, a defendant must demonstrate that "jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDonnell*, 529 U.S. 473, 484 (2000); *Moreno v. Dretke*, 450 F.3d 158, 163 (5th Cir. 2006).

The Court may *sua sponte* rule on a COA because the district court that denies relief to a defendant is in the best position to determine whether the defendant has made a substantial showing of a denial of a constitutional right on the issues before the court. To further brief and argue the very

issues on which the court has just ruled would be repetitious. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir.2000).

After reviewing Mr. Castillo-Martinez's habeas claims, the Court is confident that no outstanding issue would be debatable among jurists of reason. The Court finds that Defendant's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. Mr. Castillo-Martinez's Motion fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, a COA should be, and is, **DENIED**. *See Slack*, 529 U.S. at 484.

For these reasons, the Government's Motion for Summary Judgment (Doc. No. 11) is hereby **GRANTED** and the Defendant's Motion to Vacate (Doc. No. 1) hereby **DISMISSED WITH PREJUDICE**.

Signed this 17th day of April, 2009.

Andrew S. Hanen
United States District Judge